IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAMAR DWIGHT PARKER, )( | |
| )( | |
| Plaintiff, )( | CIVIL ACTION |
| )( | FILE NO. _____ |
| v. )( | |
| )( | |
| COLUMBIA PICTURES INDUSTRIES, )( | |
| INC.; 2.0 ENTERTAINMENT )( | |
| FINANCING, LLC; ANDY GILL; )( | |
| JACK GILL; ERIC FRAZIER; )( | |
| JOHN DOE CORPORATIONS A-Z; and )( | |
| JOHN DOES NOS. 1-4, )( | |
| )( | |
| Defendants. )( | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

**PLEASE TAKE NOTICE** that Defendants Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jack Gill and Eric Frazier (hereinafter "Removing Defendants"), hereby remove Case No. 21-C-01150-S3 (the "State Action") from the State Court of Gwinnett County, State of Georgia, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A copy of this Notice of Removal is concurrently filed with the Clerk of the State Court of Gwinnett County, State of Georgia, in order to effect removal pursuant to 28 U.S.C. § 1441 and in accordance with Local

1

Rule 3.7, Rules of Practice of the United States District Court for the Northern District of Georgia. The State Court shall proceed no further unless and until this case is remanded. 28 U.S.C. § 1441.

The Removing Defendants submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support shows as follows:

1. On February 10, 2021, Plaintiff Shamar Dwight Parker (hereinafter "Plaintiff") filed a Complaint in the State Court of Gwinnett County, State of Georgia, captioned <u>Shamar Dwight Parker v. Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jakc Gill, Eric Frazier, John Doe Corporations A-Z and John Does Nos. 1-4</u>, bearing Civil Action File No. 21-C-01150-S3.

2. In accordance with 28 U.S.C. § 1446 and Rule 3.7 of the Rules of Practice in the United States District Court for the Northern District of Georgia, true and complete copies all process, pleadings, and orders filed in such action have been attached to this Notice as Exhibit A.

3. Plaintiff's Complaint alleges he was hired to perform certain motorcycle stunts for the motion picture Bad Boys for Life. (<u>See</u> Complaint, Exh. A, ¶ 25). Plaintiff further alleges that while practicing a motorcycle stunt on February 15, 2019, he was seriously injured when the motorcycle and sidecar

rolled over. (See Complaint, Exh. A, ¶ 33, 37-38). Plaintiff alleges the Removing Defendants were involved in the stunt and are liable for his damages. (See generally Complaint, Exh. A).

4. Plaintiff alleges claims of negligence, including claims of negligent planning of the stunt, negligent failure to provide appropriate personal protective equipment and failing to warn of the risks. (See generally Complaint, Exh. A.). The Removing Defendants deny they are liable to Plaintiff under any theory. Plaintiff also seeks punitive damages and attorney fees. (See Complaint, Exh. A., Count VIII and Count VIIII).

5. Plaintiff alleges he suffered severe injuries to his ribs, left leg and left foot requiring immediate medical attention, a several week hospitalization and surgeries. (See Complaint, Exh. A, ¶ 39). Plaintiff further alleges he suffered a below the knee amputation of his left leg as a result of this incident. (See Complaint, Exh. A, ¶ 40). Plaintiff is seeking recovery of the cost of medical treatment, lost wages, pain and suffering and other general and special damages. (See Complaint, Exh. A, ¶ 43, Wherefore Paragraph on Page 18).

6. This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by the Removing Defendants pursuant to the

provisions of Title 28, section 1441(b) because citizenship of Plaintiff is diverse from the citizenship of all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citations and internal quotation marks omitted). In determining whether a defendant has satisfied its burden, the presiding court must first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). A removing defendant can rely on a "wide range of evidence" combined with "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to show this requirement is met. Id. at 754-755.

8. Plaintiff has not alleged an actual amount of special damages. However, the Removing Defendants contend the description of Plaintiff's injuries and damages demonstrates that the amount in controversy requirement is satisfied

in this case. Plaintiff alleges "severe injuries" which required hospitalization for "several weeks" and an ultimate below the knee amputation of his left leg. (See Complaint, Exh. A, ¶ 39-40). While the exact amount of past medical bills are not identified, reasonable deduction and inference would suggest the medical bills related to the described course of treatment, if proven, could alone exceed the $75,000 jurisdictional threshold. Plaintiff is also seeking recovery of pain and suffering and loss of income, as well as "compensatory general, and special damages." Therefore, on experience, information and belief, a preponderance of the evidence shows that the jurisdictional minimum amount in controversy as required by 28 U.S.C. § 1332(a) is satisfied. See 28 U.S.C. § 1446(c)(2)(B).

9. There is also complete diversity in this action. Plaintiff is a resident and citizen of the State of Maryland. (See Complaint, Exh. A, ¶ 3).

10. Columbia Pictures Industries Inc. is a Delaware corporation with its principal place of business in the State of California. (See State of Georgia Annual Registration, attached as Exhibit B). Columbia Pictures Industries Inc.'s citizenship is, therefore, diverse to that of Plaintiff.

11. 2.0 Entertainment Financing, LLC is a Delaware limited liability company. A limited liability company is a citizen of every state of which any of its members is a citizen. Cadle Co. II v. Menchion, 2018 U.S. App. LEXIS 15069

(11th Cir. 2018); <u>Rolling Greens MHP, L.P. v. Comcast SCH Holidngs L.L.C.</u>, 374 F.3d 1020 (11th Cir. 2004). The individual members of 2.0 Entertainment Financing, LLC are residents and citizens of the states of Illinois and California. The corporate member of the LLC is incorporated in California and its principal place of business is in California. The final member of 2.0 Entertainment Financing, LLC is a different LLC, and the members of that LLC are individuals who are citizens and residents of the state of Illinois. 2.0 Entertainment Financing, LLC is diverse from Plaintiff.

12. Andy Gill is a resident and citizen of the State of California and his citizenship is diverse from that of Plaintiff.

13. Jack Gill is a resident and citizen of the State of California and his citizenship is diverse from that of Plaintiff.

13. Eric Frazier is a resident and citizen of the State of California and his citizenship is diverse from that of Plaintiff.

14. The fictitious corporate defendants named in the Complaint have not been identified by name, citizenship or otherwise. The citizenship of the John Doe defendants and corporations are unknown and shall be disregarded. 28 U.S.C. § 1441(b)(1).

15.   Complete diversity exists between Plaintiff and the Removing Defendants.

16.   As is shown above, this case is removable pursuant to United States Code, Title 28, section 1441 because the United States District Court has original jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

17.   Written notice of this Notice of Removal will be promptly given to all parties in this action.  The written notice of filing and a copy of the Notice of Removal is being filed simultaneously with the Clerk of the State Court of Gwinnett County, State of Georgia, a copy of which has been attached as Exhibit C.

18. Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the State Court of Gwinnett County, State of Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division.  28 U.S.C. § 90(a)(2).

19. All named defendants, Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jack Gill and Eric Frazier, join in and consent to the removal of this Action. 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jack Gill and Eric Frazier request this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the State Court of Gwinnett County, State of Georgia be stayed. Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jack Gill and Eric Frazier further demand that the trial of this matter in federal court be heard by a jury.

This 12th day of March, 2021.

        Respectfully submitted,

        SWIFT, CURRIE, McGHEE & HIERS, LLP

        */s/ Myrece R. Johnson*

        C. Bradford Marsh
        Georgia Bar No. 471280
        Myrece R. Johnson
        Georgia Bar No. 940301
        *Attorneys for Defendants Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jake Gill and Eric Frazier*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), ND Ga.

This 12th day of March, 2021.

        Respectfully submitted,

        SWIFT, CURRIE, McGHEE & HIERS, LLP

        */s/ Myrece R. Johnson*

        C. Bradford Marsh
        Georgia Bar No. 471280
        Myrece R. Johnson
        Georgia Bar No. 940301
        *Attorneys for Defendants Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jake Gill and Eric Frazier*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)** to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants:

Michael G. Geoffroy
917 Conyers Street
Conyers, Georgia  30012
michael@mg4law.com

This 12th day of March, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Myrece R. Johnson*

C. Bradford Marsh
Georgia Bar No. 471280
Myrece R. Johnson
Georgia Bar No. 940301
*Attorneys for Defendants Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jake Gill and Eric Frazier*

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
404-874-8800 (ph)
404-888-6199 (fax)
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com
4834-9644-8736, v. 1