E-FILED IN OFFICE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**21-C-01150-S**
2/10/2021 6:08 PI

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ____GWINNETT____ County

*Tiana P. Garner*
CLERK OF STATE COUR

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number ___21-C-01150-S3___ |
| MM-DD-YYYY | |

**Plaintiff(s)**
PARKER, SHAMAR DWIGHT

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
COLUMBIA PICTURES INDUSTRIES, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| 2.0 ENTERTAINMENT FINANCING, LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| GILL, ANDY | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| GILL, JACK | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** MICHAEL G. GEOFFROY     **Bar Number** 289944     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

**Exhibit A**

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**21-C-01150-S**
2/10/2021 6:08 PI

*Tiana L. Garner*
CLERK OF STATE COUR

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| SHAMAR DWIGHT PARKER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| COLUMBIA PICTURES INDUSTRIES, INC.; | * |
| 2.0 ENTERTAINMENT FINANCING, LLC; | * |
| ANDY GILL; JACK GILL; ERIC FRAZIER; | * |
| JOHN DOE CORPORATIONS A-Z; | * |
| and JOHN DOES NOS. 1-4, | * |
| | * |
| Defendants. | * |

**CIVIL ACTION FILE NO.:**

**21-C-01150-S3**

_____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Shamar Dwight Parker ("Parker" or "Plaintiff"), by and through his undersigned

counsel, sues the Defendants Columbia Pictures Industries, Inc.; 2.0 Entertainment Financing,

LLC; Andy Gill; Jack Gill; Eric Frazier; and John Doe Corporations A-Z (collectively

"Defendants") and states as follows:

## JURISDICTION AND VENUE

1.      In accordance with GA Code §9-10-91, the Court has jurisdiction over the

Defendants in this matter, each of whom transacts business in this state.

2.      Venue lies within Gwinnett County because a substantial part of the events giving

rise to this claim arose in this Judicial District.

## PARTIES

3.      Parker is an adult resident of Upper Marlboro County, Maryland.

4.      Parker served as a stunt double to actor Will Smith in the production of the _Bad

Boys for Life_ motion picture, relevant parts of which were filmed in Gwinnett County.

5.      Columbia Pictures Industries, Inc. ("Columbia Pictures") is a for-profit Delaware

corporation with its principal place of business in California.  At all times relevant, Columbia

**Exhibit A**

Pictures was registered and transacting business in this state and involved in the production of the *Bad Boys for Life* motion picture, relevant parts of which were filmed in Gwinnett County.

6.      Columbia Pictures be served through its registered agent, Corporation Service Company, located at 40 Technology Parkway, South, Suite 300, Norcross, Gwinnett County, Georgia, 30092.

7.      Columbia Pictures is subject to the jurisdiction of this Court.

8.      2.0 Entertainment Financing, LLC ("2.0 Entertainment") is a for-profit Delaware limited liability company with its principal place of business in California.  At all times relevant, 2.0 Entertainment was transacting business in this state and involved in the production of the *Bad Boys for Life* motion picture, relevant parts of which were filmed in Gwinnett County.

9.      2.0 Entertainment be served through its registered agent, The Corporation Trust Company, located at the Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware, 19801.

10.      2.0 Entertainment is subject to the jurisdiction of this Court.

11.      Collectively, Columbia Pictures and 2.0 Entertainment are referred to herein as the "Production Defendants."

12.      Andy Gill ("A. Gill") is an individual who, upon information and belief, resides in California.  At all times relevant A. Gill was transacting business in this state and served as the Stunt Coordinator for the *Bad Boys for Life* motion picture, relevant parts of which were filmed in Gwinnett County.

13.      A. Gill may be served with process at his residence at 343 Medea Creek Lane, Oak Park, California, 91377-3840.

14.      Jack Gill ("J. Gill") is an individual who, upon information and belief, resides in California.  At all times relevant J. Gill was transacting business in this state and served as the

2

**Exhibit A**

Stunt Coordinator for the *Bad Boys for Life* motion picture, relevant parts of which were filmed in Gwinnett County.

15.    J. Gill may be served with process at his residence at 3434 Cornell Road, Agoura Hills, California, 91301.

16.    Jack Frazier ("Frazier") is an individual who, upon information and belief, resides in California. At all times relevant Frazier was transacting business in this state and served as the Special Effects Coordinator for the *Bad Boys for Life* motion picture, relevant parts of which were filmed in Gwinnett County.

17.    J. Frazier may be served with process at his residence at 10106 McBroom Street, Sunland, California, 91040-1220

18.    Defendants John Doe Corporations A-Z ("Doe Corporations") are those additional unidentified corporate entities involved in the production of the *Bad Boys for Life* motion picture and the negligently planned stunt at issue that Parker has, been unable to identify as of the date of this filing despite his diligent efforts.

19.    Defendants John Does Nos. 1-4 ("Doe Individuals") are those additional unidentified individuals involved in the production of the *Bad Boys for Life* motion picture and the negligently planned stunt at issue that Parker has, been unable to identify as of the date of this filing despite his diligent efforts.

## **GENERAL ALLEGATIONS**

20.    Parker has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

21.    Parker requests a jury trial for all issues so triable.

3

**Exhibit A**

**FACTUAL ALLEGATIONS**

22.     On April 7, 1995, Columbia Pictures released *Bad Boys*, an action-comedy motion picture staring actors Will Smith and Martin Lawrence as two Miami, Florida narcotics detectives. *Bad Boys* did well commercially, grossing over $140 million dollars worldwide.

23.     With its considerable commercial success, *Bad Boys* ultimately spawned two sequels. *Bad Boys II*, in 2003, also starred Smith and Lawrence, and grossed over $273 million worldwide. Columbia Pictures released the most recent installment, *Bad Boys for Life*, in 2020. That film had a $90 million budget and, according to the industry website imdb.com, has so far grossed over $426 million worldwide.

24.     In or about 2009, at the age of 21, Parker began his career performing stunts. In 2019, he learned of an opportunity to serve as actor Will Smith's stunt double in *Bad Boys for Life*.

25.     Cast & Crew Entertainment, LLC hired Parker to perform certain stunts, including motorcycle stunts, for *Bad Boys for Life* scenes being filmed in Gwinnett County, Georgia.

26.     In one particular scene, Parker, who performed the stunt on behalf of, and to prevent injury to, actor Will Smith, was to drive a motorcycle with an attached sidecar occupied by a passenger down the road and engage the front brake to elevate the back tires off the ground, simulating the impact of a nearby grenade explosion.

27.     Defendants A. Gill and J. Gill, who each have many years of experience designing and coordinating stunts, coordinated this particular stunt for the Production Defendants.

28.     Due to the weight of the sidecar and passenger, however, Parker was ultimately unable to elevate the back tires of the motorcycle by engaging the front brakes. And because Parker could not elevate the back tires by braking alone, A. Gill and J. Gill tasked Frazier, the special effects coordinator for *Bad Boys for Life,* with building a hydraulic lift system that would force the back tires of the motorcycle off the ground while it traveled down the roadway.

**Exhibit A**



29.     Activation of the hydraulic system, as designed and fabricated, while the motorcycle and sidecar traveled down the roadway created an unreasonably dangerous condition.

30.     Defendants knew or should have known that using the hydraulic lift system, as designed and fabricated, to elevate the back tires would cause the motorcycle to become unstable when elevated because of the unbalanced weight from the sidecar and passenger.

31.     Defendants knew or should have known that adding too much pressure to the hydraulic lift system, as designed and fabricated, was certain to create excessive force that would concentrate all of the weight of the motorcycle, sidecar, and passengers on the front tire, and cause an uncontrollable weight distribution that would result in a crash.

32.     Despite the unreasonable danger inherent in the flawed stunt, Defendants failed to provide Parker with appropriate protective gear to protect him from the foreseeable crash, including but not limited to, appropriate boots to protect his feet, ankles, and lower legs, and padding to protect his legs, arms, and torso.

**Exhibit A**

33.     On February 15, 2019, the Defendants instructed Parker and his sidecar passenger to practice the stunt.

34.     Before the first take, Frazier was asked how much pressure was added to the hydraulic system and he responded with the specific amount.  That take was accomplished without incident.

35.     Before the second take, Frazier was again asked how much pressure was added to the hydraulic system and he responded with a specific amount.  The second take was accomplished without incident.

36.     After the first two takes, one or more of the Defendants wanted the back tires to elevate higher off the ground to create the desired "special effect."Before the third take, Frazier again was asked how much pressure was added to the hydraulic system.  On this occasion he refused to quantify the amount and recklessly responded by saying "a special amount."

37.     During the third take, the sidecar passenger activated the hydraulic lift system while the motorcycle traveled down the pavement, as required to perform the stunt coordinated by A. Gill and J. Gill.  The excessive pressure added to the hydraulic system caused the back wheels of the motorcycle to elevate too high, placing all of the weight onto the front tire, which made the motorcycle uncontrollable due to the unbalanced weight from the sidecar and passenger.

**Exhibit A**



38.     In the foreseeable rollover caused by the Defendants' negligence, both Parker, who was driving the motorcycle, and the passenger in the sidecar, suffered serious injuries.

39.     Parker suffered especially severe injuries, requiring immediate medical attention and hospitalization to treat injuries to his ribs, his left leg, and his left foot.  Parker was hospitalized for several weeks following the failed and unreasonably dangerous stunt.

40.     Despite his lengthy initial hospitalization, and subsequent surgeries, Parker's leg and ankle injuries did not heal and continued to cause him significant pain and discomfort for over a year.  Eventually doctors amputated Parker's left leg just below the knee.

7

**Exhibit A**



41.      On or about August 6, 2019, the U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA"), cited and fined Garden Films for a "serious" violation. OSHA found that the production company had failed to protect employees and that the stunt designed to lift the back of the motorcycle was unreasonably dangerous.

42.      After Parker's tragic accident, Defendants made simple but necessary modifications to the motorcycle, sidecar, and hydraulic lift system to prevent the risk of serious injury to the driver that replaced Parker.

43.      To date, Plaintiff has suffered damages in the form of lost wages as a direct result of the incident at issue in amounts to be proven at hearing or trial before this Court.

44.      If Defendants would have employed those basic safety measures before asking Parker to perform the stunt, he would not have suffered life altering injuries.

**COUNT I**
**NEGLIGENCE – COLUMBIA PICTURES**

45.      Plaintiff re-alleges paragraphs one (1) through forty-four (44) as though set forth fully herein.

**Exhibit A**

46.     Columbia Pictures owed Parker a duty to take reasonable safety precautions on the set of *Bad Boys for Life* and to ensure that the stunts were properly planned and executed.

47.     Columbia Pictures breached its duty to Parker when filming the motorcycle stunt described above by failing to take reasonable safety precautions.  Specifically, and among other ways, Columbia Pictures was negligent by:

a.     failing to ensure that the motorcycle stunt that Parker performed was safely planned, coordinated, and executed;

b.     failing to ensure that those that planned and coordinated the motorcycle stunt were qualified;

c.     designing and fabricating an unreasonably dangerous hydraulic lift system; and

d.     failing to provide and require the use of personal protective equipment that would have reduced the risk of injury.

48.     Columbia Pictures had knowledge, both actual and constructive, of the risks associated with failing to use proper safety precautions in the filming of stunts on the *Bad Boys for Life* set.

49.     Columbia Pictures failed to warn Parker of the dangers associated with the stunt and dangers associated with the modification of the hydraulic lift on the motorcycle used in the stunt.

50.     Columbia Pictures' negligence actually and proximately caused Parker's injuries.

51.     As a result of Columbia Pictures' negligence, Parker has suffered general and special damages, including pain and suffering.

52.     Columbia Pictures' wrongful actions and inactions showed willful misconduct and an entire want of care raising a presumption of a conscious indifference to Parker's safety and welfare.

**Exhibit A**

WHEREFORE, Plaintiff demands judgment against Defendant Columbia Pictures and prays for the following relief: compensatory general, and special damages; attorneys' fees and costs; punitive damages; and any other damages allowable by law.

**COUNT II**
**NEGLIGENCE – 2.0 ENTERTAINMENT**

53.     Plaintiff re-alleges paragraphs one (1) through fifty-two (52) as though set forth fully herein.

54.     2.0 Entertainment owed Parker a duty to take reasonable safety precautions on the set of *Bad Boys for Life* and to ensure that the stunts were properly planned and executed.

55.     2.0 Entertainment breached its duty to Parker when filming the stunt described above and by failing to take reasonable safety precautions.  Specifically, and among other ways, 2.0 Entertainment was negligent by:

a.     failing to ensure that the motorcycle stunt that Parker performed was safely planned, coordinated, and executed;

b.     failing to ensure that those that planned and coordinated the motorcycle stunt were qualified;

c.     designing and fabricating an unreasonably dangerous hydraulic lift system; and

d.     failing to provide and require the use of personal protective equipment that would have reduced the risk of injury.

56.     2.0 Entertainment had knowledge, both actual and constructive, of the risks associated with failing to use proper safety precautions in the filming of stunts on the *Bad Boys for Life* set.

57.     2.0 Entertainment failed to warn Parker of the dangers associated with the stunt and dangers associated with the modification of the hydraulic lift on the motorcycle used in the stunt.

58.     2.0 Entertainment's negligence actually and proximately caused Parker's injuries.

10

**Exhibit A**

59.     As a result of 2.0 Entertainment's negligence, Parker has suffered general and special damages, including pain and suffering.

60.     2.0 Entertainment's wrongful actions and inactions showed willful misconduct and an entire want of care raising a presumption of a conscious indifference to Parker's safety and welfare.

WHEREFORE, Plaintiff demands judgment against Defendant 2.0 Entertainment and prays for the following relief: compensatory, general, and special damages; attorneys' fees and costs; punitive damages; and any other damages allowable by law.

## COUNT III
## NEGLIGENCE – A. GILL

61.     Plaintiff re-alleges paragraphs one (1) through sixty (60) as though set forth fully herein.

62.     A. Gill owed Parker a duty to take reasonable safety precautions on the set of *Bad Boys for Life* and to ensure that the stunts were properly planned and executed.

63.     A. Gill breached his duty to Parker when filming the stunt described above and by failing to take reasonable safety precautions.  Specifically, and among other ways, A. Gill was negligent by:

    a.     failing to ensure that the motorcycle stunt that Parker performed was
           safely planned, coordinated, and executed;

    b.     designing and fabricating an unreasonably dangerous hydraulic lift
           system; and

    c.     failing to provide and require the use of personal protective
           equipment that would have reduced the risk of injury.

64.     A. Gill had knowledge, both actual and constructive, of the risks associated with failing to use proper safety precautions in the filming of stunts on the *Bad Boys for Life* set.

**Exhibit A**

65.     A. Gill failed to warn Parker of the dangers associated with the stunt and dangers associated with the modification of the hydraulic lift on the motorcycle used in the stunt.

66.     A. Gill actually and proximately caused Parker's injuries.

67.     As a result of A. Gill's negligence, Parker has suffered general and special damages, including pain and suffering.

68.     A. Gill's wrongful actions and inactions showed willful misconduct and an entire want of care raising a presumption of a conscious indifference to Parker's safety and welfare.

WHEREFORE, Plaintiff demands judgment against Defendant A. Gill and prays for the following relief: compensatory, general, and special damages; attorneys' fees and costs; punitive damages; and any other damages allowable by law.

## COUNT IV
## NEGLIGENCE – J. GILL

69.     Plaintiff re-alleges paragraphs one (1) through sixty-eight (68) as though set forth fully herein.

70.     J. Gill owed Parker a duty to take reasonable safety precautions on the set of *Bad Boys for Life* and to ensure that the stunts were properly planned and executed.

71.     J. Gill breached his duty to Parker when filming the stunt described above and by failing to take reasonable safety precautions.  Specifically, and among other ways, J. Gill was negligent by:

a.     failing to ensure that the motorcycle stunt that Parker performed was safely planned, coordinated, and executed;

b.     designing and fabricating an unreasonably dangerous hydraulic lift system; and

c.     failing to provide and require the use of personal protective equipment that would have reduced the risk of injury.

**Exhibit A**

72.     J. Gill had knowledge, both actual and constructive, of the risks associated with failing to use proper safety precautions in the filming of stunts on the *Bad Boys for Life* set.

73.     J. Gill failed to warn Parker of the dangers associated with the stunt and dangers associated with the modification of the hydraulic lift on the motorcycle used in the stunt.

74.     J. Gill actually and proximately caused Parker's injuries.

75.     As a result of J. Gill's negligence, Parker has suffered general and special damages, including pain and suffering.

76.     J. Gill's wrongful actions and inactions showed willful misconduct and an entire want of care raising a presumption of a conscious indifference to Parker's safety and welfare.

WHEREFORE, Plaintiff demands judgment against Defendant J. Gill and prays for the following relief: compensatory, general, and special damages; attorneys' fees and costs; punitive damages; and any other damages allowable by law.

## COUNT V
## NEGLIGENCE – FRAZIER

77.     Plaintiff re-alleges paragraphs one (1) through seventy-six (76) as though set forth fully herein.

78.     Frazier owed Parker a duty to take reasonable safety precautions on the set of *Bad Boys for Life* and to ensure that the stunts were properly planned and executed.

79.     Frazier breached his duty to Parker when filming the stunt described above and by failing to take reasonable safety precautions.   Specifically, and among other ways, Frazier was negligent by:

a.      failing to ensure that the motorcycle stunt that Parker performed was safely planned, coordinated, and executed;

b.      designing and fabricating an unreasonably dangerous hydraulic lift system; and

**Exhibit A**

c.      failing to provide and require the use of personal protective equipment that would have reduced the risk of injury.

80.     Frazier had knowledge, both actual and constructive, of the risks associated with failing to use proper safety precautions in the filming of stunts on the *Bad Boys for Life* set.

81.     Frazier failed to warn Parker of the dangers associated with the stunt and dangers associated with the modification of the hydraulic lift on the motorcycle used in the stunt.

82.     Frazier actually and proximately caused Parker's injuries.

83.     As a result of Frazier's negligence, Parker has suffered general and special damages, including pain and suffering.

84.     Frazier's wrongful actions and inactions showed willful misconduct and an entire want of care raising a presumption of a conscious indifference to Parker's safety and welfare.

WHEREFORE, Plaintiff demands judgment against Defendant Frazier and prays for the following relief: compensatory, general, and special damages; attorneys' fees and costs; punitive damages; and any other damages allowable by law.

## COUNT VI
## NEGLIGENCE – DOE CORPORATIONS

85.     Plaintiff re-alleges paragraphs one (1) through eighty-four (84) as though set forth fully herein.

86.     The Doe Corporations owed Parker a duty to take reasonable safety precautions on the set of *Bad Boys for Life* and to ensure that the stunts were properly planned and executed.

87.     The Doe Corporations breached their duties to Parker when filming the motorcycle stunt described above and by failing to take reasonable safety precautions.   Specifically, and among other ways, the Doe Corporations were negligent by:

a.      failing to ensure that the motorcycle stunt that Parker performed was safely planned, coordinated, and executed;

14

**Exhibit A**

b.    failing to ensure that those that planned and coordinated the motorcycle stunt were qualified;

c.    designing and fabricating an unreasonably dangerous hydraulic lift system; and

d.    failing to provide and require the use of personal protective equipment that would have reduced the risk of injury.

88.    The Doe Corporations had knowledge, both actual and constructive, of the risks associated with failing to use proper safety precautions in the filming of stunts on the *Bad Boys for Life* set.

89.    The Doe Corporations failed to warn Parker of the dangers associated with the stunt and dangers associated with the modification of the hydraulic lift on the motorcycle used in the stunt.

90.    The Doe Corporations' negligence actually and proximately caused Parker's injuries.

91.    As a result of the Doe Corporations' negligence, Parker has suffered general and special damages, including pain and suffering.

92.    The wrongful actions and inactions of the Doe Corporations, showed willful misconduct and an entire want of care, raising a presumption of a conscious indifference to Parker's safety and welfare.

WHEREFORE, Plaintiff demands judgment against the Doe Corporations and prays for the following relief: compensatory, general, and special damages; attorneys' fees and costs; punitive damages; and any other damages allowable by law.

## COUNT VII
## NEGLIGENCE – DOE INDIVIDUALS

93.    Plaintiff re-alleges paragraphs one (1) through ninety-two (92) as though set forth fully herein.

**Exhibit A**

94.     The Doe Individuals owed Parker a duty to take reasonable safety precautions on the set of *Bad Boys for Life* and to ensure that the stunts were properly planned and executed.

95.     The Doe Individuals breached their duties to Parker when filming the motorcycle stunt described above and by failing to take reasonable safety precautions.   Specifically, and among other ways, the Doe Individuals were negligent by:

e.      failing to ensure that the motorcycle stunt that Parker performed was safely planned, coordinated, and executed;

f.      failing to ensure that those that planned and coordinated the motorcycle stunt were qualified;

g.      designing and fabricating an unreasonably dangerous hydraulic lift system; and

h.      failing to provide and require the use of personal protective equipment that would have reduced the risk of injury.

96.     The Doe Individuals had knowledge, both actual and constructive, of the risks associated with failing to use proper safety precautions in the filming of stunts on the *Bad Boys for Life* set.

97.     The Doe Individuals failed to warn Parker of the dangers associated with the stunt and dangers associated with the modification of the hydraulic lift on the motorcycle used in the stunt.

98.     The Doe Individuals' negligence actually and proximately caused Parker's injuries.

99.     As a result of the Doe Individuals' negligence, Parker has suffered general and special damages, including pain and suffering.

100.    The wrongful actions and inactions of the Doe Individuals, showed willful misconduct and an entire want of care, raising a presumption of a conscious indifference to Parker's safety and welfare.

**Exhibit A**

WHEREFORE, Plaintiff demands judgment against the Doe Individuals and prays for the following relief: compensatory, general, and special damages; attorneys' fees and costs; punitive damages; and any other damages allowable by law.

## COUNT VIII
## PUNITIVE DAMAGES

101.    Plaintiff re-alleges paragraphs one (1) through one hundred (100) as though set forth fully herein.

102.    Defendants' negligent and/or reckless and/or intentional actions amounted to willful misconduct, malice, wantonness, oppression, and the entire want of care which would raise the presumption of conscious indifference to the consequences sufficient for an award of punitive damages.

103.    Plaintiff seeks to recover punitive damages in such an amount as the jury determines to be just and appropriate to fully and completely deter Defendants from committing the tortious acts and omissions complained of in this Complaint.

104.    As a direct and proximate result of Defendants' above-mentioned intentional, willful, wanton, and reckless conduct, Plaintiff has incurred medical bills for his care and treatment, suffered mental and emotional pain and suffering, endured physical pain, lost wages, and suffering and upon information and belief, will suffer and incur some or all of these damages in the future.

## COUNT VIIII
## ATTORNEY'S FEES

105.    Plaintiff re-alleges paragraphs one (1) through one hundred and four (104) as though set forth fully herein.

17

**Exhibit A**

106.    Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

107.    Plaintiff is entitled to recover his expenses of litigation, including reasonable attorney's fees, against Defendants under O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully demands that judgment be entered in his favor against Defendants and that Plaintiff receive an award of damages in a fair and reasonable amount to include all damages recoverable at law including:

   a.   Provide a trial by jury;

   b.   That process be issued and that service be had on Defendants;

   c.   Find that Defendants were negligent, and that Defendants' actions were the cause of Plaintiff's damages;

   d.   Award Plaintiff damages including cost of medical treatment of injuries, lost wages, mileage, and pain and suffering incurred by Plaintiff in an amount to be proven before this Court at a hearing or trial as a result of Defendants' negligence;

   e.   That punitive damages be imposed against Defendants in an amount as a jury is certain will be sufficient to deter Defendants from repeating their wrong-doing;

   f.   Reasonable attorney's fees and all costs and expenses of this action; and

   g.   Award any other relief as the Court may deem just and proper in the circumstances.

Respectfully submitted this 10th day February, 2021.

MG LAW / THE GEOFFROY FIRM, P.C.


/S/ Michael G. Geoffroy
Michael G. Geoffroy
Georgia Bar No.: 289944
*Attorney for Plaintiff*

917 Center Street
Conyers, Georgia 30012
(770) 988-5252 – Telephone
(770) 988-5933 – Facsimile
michael@mg4law.com

**Exhibit A**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

*Tiana L. Clark* CLERK OF STATE COUR

| | | |
|---|---|---|
| **SHAMAR DWIGHT PARKER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **CIVIL ACTION FILE NO.:** |
| | * | **21-C-01150-S3** |
| **COLUMBIA PICTURES INDUSTRIES, INC.;** | * | |
| **2.0 ENTERTAINMENT FINANCING, LLC;** | * | |
| **ANDY GILL; JACK GILL; ERIC FRAZIER;** | * | |
| **JOHN DOE CORPORATIONS A-Z;** | * | |
| **and JOHN DOES NOS. 1-4,** | * | **JURY TRIAL DEMANDED** |
| | * | |
| **Defendants.** | * | |

---

## SUMMONS

---

**TO THE ABOVE-NAMED DEFENDANT**

**2.0 ENTERTAINMENT FINANCING, LLC**
c/o THE CORPORATION TRUST COMPANY, Registered Agent
THE CORPORATION TRUST CENTER
1209 ORANGE STREET,
WILMINGTON, DE, 19801

You are hereby summoned and required to file with the Clerk of the State Court of Gwinnett County and serve upon the Plaintiff's attorneys, whose name and address is:

> Michael G. Geoffroy, Esq.
> MG LAW
> 917 Center Street
> Conyers, Georgia 30012
> (770) 988-5252

an Answer to the Complaint, which is herewith served upon you, **within thirty (30) days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, Judgment by Default will be taken against you for the relief demanded in the Complaint.

This __10TH__ day of February 2021.

CLERK OF GWINNETT COUNTY STATE COURT

By:_____
CLERK/DEPUTY CLERK

**Exhibit A**

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
21-C-01150-S
2/10/2021 6:08 PM

*Jiana P. Garn*

CLERK OF STATE COUR

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHAMAR DWIGHT PARKER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION FILE NO.:** |
| | * | **21-C-01150-S3** |
| **COLUMBIA PICTURES INDUSTRIES, INC.;** | * | |
| **2.0 ENTERTAINMENT FINANCING, LLC;** | * | |
| **ANDY GILL; JACK GILL; ERIC FRAZIER;** | * | |
| **JOHN DOE CORPORATIONS A-Z;** | * | |
| **and JOHN DOES NOS. 1-4,** | * | **JURY TRIAL DEMANDED** |
| | * | |
| **Defendants.** | * | |

### SUMMONS

**TO THE ABOVE-NAMED DEFENDANT**

**ANDY GILL**
**343 Medea Creek Lane**
**Oak Park, CA 91377-3840**

You are hereby summoned and required to file with the Clerk of the State Court of Gwinnett County and serve upon the Plaintiff's attorneys, whose name and address is:

> Michael G. Geoffroy, Esq.
> MG LAW
> 917 Center Street
> Conyers, Georgia 30012
> (770) 988-5252

an Answer to the Complaint, which is herewith served upon you, **within thirty (30) days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, Judgment by Default will be taken against you for the relief demanded in the Complaint.

This __**10TH**__ day of February 2021.

CLERK OF GWINNETT COUNTY STATE COURT

By:_____
CLERK/DEPUTY CLERK

**Exhibit A**



**Exhibit A**

E FILED IN OFFICE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**21-C-01150-S**
2/10/2021 6:08 PI

*Jiana P. Horne*
CLERK OF STATE COUR

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

SHAMAR DWIGHT PARKER,                          *
                                               *
        **Plaintiff,**                         *
                                               *
        v.                                     *        **CIVIL ACTION FILE NO.:**
                                               *           21-C-01150-S3
COLUMBIA PICTURES INDUSTRIES, INC.;            *        _____
2.0 ENTERTAINMENT FINANCING, LLC;              *
ANDY GILL; JACK GILL; ERIC FRAZIER;            *
JOHN DOE CORPORATIONS A-Z;                     *
 and JOHN DOES NOS. 1-4,                        *        **JURY TRIAL DEMANDED**
                                               *
        **Defendants.**                        *

---

## SUMMONS

---

**TO THE ABOVE-NAMED DEFENDANT**

**COLUMBIA PICTURES INDUSTRIES, INC.**

**c/o CORPORATION SERVICE COMPANY, Registered Agent**
**40 TECHNOLOGY PARKWAY SOUTH, SUITE 300**
**NORCROSS, GA, 30092**

You are hereby summoned and required to file with the Clerk of the State Court of Gwinnett County and serve upon the Plaintiff's attorneys, whose name and address is:

> Michael G. Geoffroy, Esq.
> MG LAW
> 917 Center Street
> Conyers, Georgia 30012
> (770) 988-5252

an Answer to the Complaint, which is herewith served upon you, **within thirty (30) days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, Judgment by Default will be taken against you for the relief demanded in the Complaint.

This **10TH** day of February 2021.

CLERK OF GWINNETT COUNTY STATE COURT

By:_____
CLERK/DEPUTY CLERK

**Exhibit A**

SCANNED

**Exhibit A**

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-01150-S
2/10/2021 6:08 PM
*Tiana P. Garner*
CLERK OF STATE COURT

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| SHAMAR DWIGHT PARKER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **CIVIL ACTION FILE NO.:** |
| | * | **21-C-01150-S3** |
| COLUMBIA PICTURES INDUSTRIES, INC.; | * | |
| 2.0 ENTERTAINMENT FINANCING, LLC; | * | |
| ANDY GILL; JACK GILL; ERIC FRAZIER; | * | |
| JOHN DOE CORPORATIONS A-Z; | * | |
| and JOHN DOES NOS. 1-4, | * | **JURY TRIAL DEMANDED** |
| | * | |
| Defendants. | * | |

---

### SUMMONS

---

**TO THE ABOVE-NAMED DEFENDANT**

**ERIC FRAZIER**
**10106 McBroom Street**
**Sunland, CA 91040-1220**

You are hereby summoned and required to file with the Clerk of the State Court of Gwinnett County and serve upon the Plaintiff's attorneys, whose name and address is:

> Michael G. Geoffroy, Esq.
> MG LAW
> 917 Center Street
> Conyers, Georgia 30012
> (770) 988-5252

an Answer to the Complaint, which is herewith served upon you, **within thirty (30) days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, Judgment by Default will be taken against you for the relief demanded in the Complaint.

This ___ day of February 2021.
　　　　　　**10TH**

CLERK OF GWINNETT COUNTY STATE COURT

By:_____
　　　　CLERK/DEPUTY CLERK

**Exhibit A**

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01150-S3**
**2/10/2021 6:08 PM**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

*Tiana P. Garner* CLERK OF STATE COURT

| | | |
|---|---|---|
| SHAMAR DWIGHT PARKER, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **CIVIL ACTION FILE NO.:** |
| | * | 21-C-01150-S3 |
| COLUMBIA PICTURES INDUSTRIES, INC.; | * | |
| 2.0 ENTERTAINMENT FINANCING, LLC; | * | |
| ANDY GILL; JACK GILL; ERIC FRAZIER; | * | |
| JOHN DOE CORPORATIONS A-Z; | * | |
| and JOHN DOES NOS. 1-4, | * | **JURY TRIAL DEMANDED** |
| | * | |
| **Defendants.** | * | |

---

## SUMMONS

---

TO THE ABOVE-NAMED DEFENDANT

**JACK GILL**
**3434 Cornell Road**
**Agoura Hills, CA 91301**

You are hereby summoned and required to file with the Clerk of the State Court of Gwinnett County and serve upon the Plaintiff's attorneys, whose name and address is

Michael G. Geoffroy, Esq.
MG LAW
917 Center Street
Conyers, Georgia 30012
(770) 988-5252

an Answer to the Complaint, which is herewith served upon you, **within thirty (30) days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, Judgment by Default will be taken against you for the relief demanded in the Complaint.

**10TH**
This ___ day of February 2021.

CLERK OF GWINNETT COUNTY STATE COURT

By: *Christina Sbiurns*

CLERK/DEPUTY CLERK

**Exhibit A**

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01150-S3**
**2/24/2021 1:41 PM**

CLERK OF STATE COURT

**IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA**

Shamar Dwight Parker

               Plaintiff

v.

Columbia Pictures Industries, Inc., et al.

               Defendant

Case No.:21-C-01150-S3

### AFFIDAVIT OF PERSONAL SERVICE

That I, Mark C. Trimble hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 2/12/2021 at 2:53 PM at 1209 N Orange St, Wilmington, DE 19801-1120 I served 2.0 Entertainment Financing, LLC with the following list of documents: Summons; General Civil and Domestic Relations Case Filing Information Form; Complaint And Demand For Jury Trial by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with The Corporation Trust Company - Agent For Service who is authorized to accept service on behalf of 2.0 Entertainment Financing, LLC.

That the description of the person actually served is as follows: Gender: Male Race: White Age: 35 Height: 5'9 Weight: 185 Hair: Brown Eyes:Brown Marks:

That the fee for this Service is

Sworn and subscribed before me this
2 16 day of February, 2021

_____
Notary Public

**PEGGY CUSHING**
**NOTARY PUBLIC**
**STATE OF DELAWARE**
My Commission Expires 04-18-20-22

_____
Mark C. Trimble
Contracted by Perma Investigations and Polygraph
PO Box 1742
Roswell, GA 300771742
(770) 664-8005

2/22/2021
Executed On:



Order #:21143
Their File

**Exhibit A**

Copy from re:SearchGA

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-01150-S3**

**2/25/2021 5:04 PM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

Shamar Dwight Parker

        Plaintiff

    v.

Columbia Pictures Industries, Inc., et al.

        Defendant

Case No.:21-C-01150-S3

### AFFIDAVIT OF PERSONAL SERVICE

That I, Paul Dryman hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 2/13/2021 at 2:13 PM at 343 Medea Creek Ln, Oak Park, CA 91377-3840 I served Andy Gill with the following list of documents: Summons; General Civil and Domestic Relations Case Filing Information Form; Complaint And Demand For Jury Trial by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with Andy Gill.

That the description of the person actually served is as follows: Gender: Male Race: White Age: 60's Height: 5'9 Weight: 175 Hair: White Eyes: Marks:

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is

Sworn and subscribed before me this _21st_ day of February, 2021

_See Attached CA Acknowledgement_
Notary Public

_Paul Dryman_
Paul Dryman
Contracted by Perma Investigations and Polygraph
PO Box 1742
Roswell, GA 300771742
(770) 664-8005
PO Box 1742

2/22/2021
Executed On:

Order #:21144
Their File

**Exhibit A**

Copy from re:SearchGA

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _VENTURA_

On _2/24/2021_ before me, _Richard I. Suleman, Notary Public_
     Date                              Here Insert Name and Title of the Officer

personally appeared _PAUL DRYMAN_
                       Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

```
RICHARD I. SULEIMAN
Notary Public - California
Ventura County
Commission # 2276088
My Comm. Expires Feb 26, 2023
```

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
              Signature of Notary Public

Place Notary Seal and/or Stamp Above

-------------------------------- OPTIONAL --------------------------------

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Affidavit of Personal Service - GA_
Document Date: _2/24/2021_                            Number of Pages: _1_
Signer(s) Other Than Named Above: _NONE_

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer – Title(s): _____ | ☐ Corporate Officer – Title(s): _____ |
| ☐ Partner – ☐ Limited ☐ General | ☐ Partner – ☐ Limited ☐ General |
| ☐ Individual     ☐ Attorney in Fact | ☐ Individual     ☐ Attorney in Fact |
| ☐ Trustee        ☐ Guardian of Conservator | ☐ Trustee        ☐ Guardian of Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer is Representing: _____ | Signer is Representing: _____ |

©2017 National Notary Association

**Exhibit A**

Copy from re:SearchGA

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-01150-S3**
**2/25/2021 5:04 PM**

*Tiana P. Garner*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

Shamar Dwight Parker

    Plaintiff

  v.

Columbia Pictures Industries, Inc., et al.

    Defendant

Case No.:21-C-01150-S3

### AFFIDAVIT OF PERSONAL SERVICE

That I, Paul Dryman hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 2/13/2021 at 1:51 PM at 3434 Cornell Rd, Agoura Hills, CA 91301-2714 I served Jack Gill with the following list of documents: Summons; General Civil and Domestic Relations Case Filing Information Form; Complaint And Demand For Jury Trial by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with Jack Gill.

That the description of the person actually served is as follows: Gender: Male Race: White Age: 60's Height: 5'9 Weight: 170 Hair: White Eyes: Marks:

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is

Sworn and subscribed before me this 24th day of
February, 2021

*See Attached CA Acknowledgment*
_____
Notary Public

*Paul Dryman*
_____
Paul Dryman
Contracted by Perma Investigations and Polygraph
Contracted by Perma Investigations and Polygraph
Roswell, GA 300771742
(770) 664-8005

2/22/2021
_____
Executed On:

Order #:21145
Their File

**Exhibit A**

Copy from re:SearchGA

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _VENTURA_

On _2/24/2021_ before me, _RICHARD I. SULEIMAN NOTARY PUBLIC_
___Date___                         _Here Insert Name and Title of the Officer_

personally appeared _PAUL DEYMAN_
_____
_Name(s) of Signer(s)_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

RICHARD I. SULEIMAN
Notary Public - California
Ventura County
Commission # 2276088
My Comm. Expires Feb 26, 2023

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
_Signature of Notary Public_

_Place Notary Seal and/or Stamp Above_

---------------------------- **OPTIONAL** ----------------------------
*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Affidavit of Personal Service - GA_
Document Date: _2/24/2021_                    Number of Pages: _1_
Signer(s) Other Than Named Above: _NONE_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual       ☐ Attorney in Fact
☐ Trustee          ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual       ☐ Attorney in Fact
☐ Trustee          ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

©2017 National Notary Association

**Exhibit A**

Copy from re:SearchGA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

*Ilana P. Bon*  CLERK OF STATE COUR

Shamar Dwight Parker
    Plaintiff / Petitioner / Judgment Creditor

vs.            Garnishment/Civil Action Number: <u>21-C-01150-S3</u>

Columbia Pictures Industries, Inc., 2.0 Entertainment Financing, LLC, Andy Gill, Jack Gill, Eric Frazier
    Defendant / Respondent / Judgment Debtor

SERVE: Columbia Pictures Industries, Inc.

## AFFIDAVIT OF SERVICE

The undersigned, being first duly sworn, on oath deposes and say:   That s(he) is now and at all times herein mentioned, a citizen of the United States and over the age of 18, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.   Agent(s) for Stone Legal Services, LLC are Permanently Appointed Process Server(s) for Fulton County-State & Superior Court, Cobb County- State & Superior Court, Gwinnett County-State & Magistrate Court, Henry County – Superior Court, Dekalb County – State & Superior Court,

### Served:
-     **General Civil Case Filing Information Form**
-     **Summons Columbia Pictures Industries, Inc.**
-     **Summons 2.0 Entertainment Financing, LLC**
-     **Summons Andy Gill**
-     **Summons Jack Gill**
-     **Summons Eric Frazier**
-     **Complaint and Demand for Jury Trial**

This affiant served the above described documents on,

Date:      <u>2/12/2021</u>
Time:     <u>10:00 am</u>
Address:  <u>40 Technology Pkwy S, Norcross, GA 30092</u>

\_\_\_ **Personal**
    I have this day served _____, with a copy of the within action and summons.

\_\_\_\_ **Notorious**
    I have this day served, _____, by leaving a copy of the action and summons at his/hers most notorious place of abode in this County.
    Delivered same into the hands of _____, described as follows

\_\_X\_\_ **Corporation**
    Served <u>Columbia Pictures Industries, Inc,</u> a corporation by leaving a copy of the within

**Exhibit A**

action and summons with <u>Registered Agent Corporation Service Company, Barry Smith,</u> in charge of the office and place of doing business of said Corporation in this County.

**Description of person served:** <u>Black male, 35 years old, 6' tall, 200 lbs., black hair</u>

No information was provided that indicated that the subject(s) served are members of the U. S. Military.

\_\_\_\_ **Non Service**

Affiant states s(he) diligently searched the area described as

For defendant and was unable to find defendant for process service at this time.   The following attempts and resources used for this search are described below.

This _15_ day of _February_, 2021

Rodney D. Stone (Agent For)
Stone Legal Services, LLC
P.O. Box 668
Monroe, GA 30656

Sworn to and subscribed before
me this _15_ day of
_February_ 2021

Notary Public

My Commission Expires:
_2.26.2022_

**TAMMY CHANDLER**
My Commission Expires
NOTARY PUBLIC
02-26-2022
WALTON COUNTY, GEORGIA

**Exhibit A**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2020 DEC 29 PM 3: 23

RICHARD ALEXANDER, CLERK

IN RE:Permanent Process Servers

Case Number: 20 C-09253-1

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2022.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___29th___ day of ___December___, 20_20_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:
Name    Rodney D Stone
Address   Po Box 668
          Monroe GA 30655
_____

**Exhibit A**

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01150-S3**
**3/4/2021 3:48 PM**

*Tiana L. Garner*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

Shamar Dwight Parker

        Plaintiff

    v.

Columbia Pictures Industries, Inc., et al.

        Defendant

Case No.:21-C-01150-S3

### AFFIDAVIT OF PERSONAL SERVICE

That I, Sergio Corona hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 3/2/2021 at 12:39 PM at 319 32nd Pl, Manhattan Beach, CA 90266-3805 I served Eric Frazier with the following list of documents: Summons; General Civil and Domestic Relations Case Filing Information Form; Complaint And Demand For Jury Trial by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with Eric Frazier.

That the description of the person actually served is as follows: Gender: Male Race: Caucasian Age: 40's Height: 5'9" Weight: 180 Hair: Brown Eyes:Hazel Marks: Facial Hair

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is

Sergio Corona
Contracted by Perma Investigations and Polygraph
PO Box 1742
Roswell, GA 300771742
(770) 664-8005

3/2/2021
Executed On:

Order #:21146
Their File

**Exhibit A**

Copy from re:SearchGA

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ San Diego _____ )

On 03/03/2021 before me, Elizabeth H. Macauley, Notary Public _____
(insert name and title of the officer)

personally appeared _____ Sergio Corong _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

Commission extended per
CA EO N-63-20 and
CA EO N-71-20.

**Exhibit A**

Copy from re:SearchGA